LAW OFFICES
# LaRossa, Mitchell & Ross
41 MADISON AVENUE
THIRTY FOURTH FLOOR
NEW YORK, N.Y. 10010

JAMES M. LAROSSA
JOHN W. MITCHELL
MICHAEL S. ROSS
—
EVAN GLASSMAN
GABRIEL MENDELBERG

TELEPHONE
(212) 696-9700
FACSIMILE
(212) 686-3013

May 20, 1998

Honorable Charles P. Sifton
Chief Judge
   and Chairman of the
Committee on Grievances
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re:  In the Matter of Gregory Elefterakis,
     an Attorney And Counselor-at-Law;
     MC-98-41 (CPS)

Dear Judge Sifton:

  I represent Gregory Elefterakis, an attorney and counselor-at-law, who was recently suspended from the practice of law by the Appellate Division, Second Department, for a period of three years. Mr. Elefterakis provided me with Your Honor's order to show cause directing him to demonstrate why he should not be disciplined by this Court pursuant to Local Rules 1.5(c) and (d).  (<u>See</u> copy attached)

  On behalf of Mr. Elefterakis, I wish to advise you that Mr. Elefterakis has no objection to an order suspending him from the practice of law before the United States District Court for the Eastern District of New York, for a period to run concurrent with his suspension from practice by the Appellate Division, Second Department.

             Respectfully submitted,

             Michael S. Ross

LaRossa, Mitchell & Ross

Hon. Charles P. Sifton
May 20, 1998
Page 2

Encl.

cc: Clerk of the Court

 Gregory Elefterakis

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

In the Matter of Gregory Elefterakis,     MC-98-41 (CPS)
an Attorney and Counselor-at-Law.

                        ORDER

                  Respondent.

----------------------------------------X

      It having come to the attention of the Court that respondent has been disciplined by the Appellate Division of the Supreme Court of the State of New York, the respondent is directed pursuant to Rule 1.5(b)(2) of the General Rules of the Court to show cause before the undersigned in Courtroom No. 2, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at 4:30 p.m., on June 10, 1998 why respondent should not be disciplined by this Court in accordance with the provisions of Rules 1.5(c) and 1.5(d) of such Rules; and it is further

      ORDERED that the Clerk of the Court shall serve a copy of the within order upon respondent by first class mail, and it is further

      ORDERED that respondent shall serve and file responsive papers, if any, no later than 10 days prior to the return date of the order.

      SO ORDERED.

Dated :   Brooklyn, New York
        April 22, 1998

                                      Charles P. Sifton, Chief Judge
                                      and Chairman of the Committee on
                                      Grievances, E.D.N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUN 10 1998

BEFORE: SIFTON, C.J.        DATE: _____        TIME: __4:30__

DOCKET #: MC-98-0041

TITLE: In the Matter of Gregory Elefterakis, an Attorney and Counselor at Law.

DEPUTY CLERK: Stanley Kessler

COURT REPORTER/ESR: __Maria Penere__

APPEARANCES:

    For Respondent: _____

### ATTORNEY DISCIPLINARY PROCEEDING

✓ Case called for order to show cause.

✓ No appearances.

___ No appearance for the respondent.

___ Respondent present pro se.      ___ Respondent present with counsel.

___ Counsel for respondent present.

___ Status conference held.  Status conf. set for/cont'd to _____ at 4:30 p.m.

___ _____
___ _____
___ _____
___ _____

✓ For the reasons stated on the record, the respondent is suspended from the practice of law before this court for a period of __3 years__, commencing on __1-29-98__, until such time as he is reinstated to practice law in the State of New York, and until further order of the court.

___ For the reasons stated on the record, the respondent is disbarred from the practice of law before this court and his name is ordered stricken from the roll of attorneys of this court.

___ The matter is referred to the Committee on Grievances.

___ Decision is reserved on the order to show cause.

___ The matter is continued to _____



3



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X

In the Matter of Gregory Elefterakis,             MC-98-41 (CPS)
an Attorney and Counselor-at-Law.
                                                  ORDER

                          Respondent.

--------------------------------------------X

      It having come to the attention of the Court that respondent has been disciplined by the Appellate Division of the Supreme Court of the State of New York, the respondent is directed pursuant to Rule 1.5(b)(2) of the General Rules of the Court to show cause before the undersigned in Courtroom No. 2, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at 4:30 p.m., on June 10, 1998 why respondent should not be disciplined by this Court in accordance with the provisions of Rules 1.5(c) and 1.5(d) of such Rules; and it is further

      ORDERED that the Clerk of the Court shall serve a copy of the within order upon respondent by first class mail, and it is further

      ORDERED that respondent shall serve and file responsive papers, if any, no later than 10 days prior to the return date of the order.

      SO ORDERED.

Dated :    Brooklyn, New York
           April 22, 1998

                                        Charles P. Sifton, Chief Judge
                                        and Chairman of the Committee on
                                        Grievances, E.D.N.Y.



# GREGORY ELEFTERAKIS
### Attorney At Law

Gregory Elefterakis  
James Giannakouros

2498 Gerritsen Avenue  
Brooklyn, New York 11229

Tel:  (718) 646-1955  
Fax:  (718) 769-8264

MISC 98 041

FEB 1 9 1998

JANUARY 12, 1998

**CERTIFIED MAIL, R.R.R.**  
Z 203 992 503

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
225 CADMAN PLAZA  
BROOKLYN, NEW YORK 11201  
ATTN: CHIEF CLERK

      RE:    GREGORY ELEFTERAKIS, ESQUIRE

DEAR SIRS:

    Please be advised that as of January 29, 1998, I have been suspended from the practice of law for three years.

    Accordingly, it is directed that Gregory Elefterakis, Attorney At Law, **be removed** from any listings, manuals, referrals and/or books, until further notice.

    Your anticipated cooperation in this matter is greatly appreciated.

Very truly yours,

Gregory Elefterakis

GE:lag

# AMERICAN BAR ASSOCIATION

## NATIONAL LAWYER REGULATORY DATA BANK REPORT FORM

*Reporting Agent: Please complete, sign, attach court or disciplinary board order and return to:*

Ms. Maria D. Pedraza
Data Bank Administrative Assistant
Center for Professional Responsibility
American Bar Association
541 No Fairbanks Ct   M-S 14.3
Chicago IL  60611-3314

(For Office Use Only)

MISC. 98  041

SIFTON, CH. J.

**NAME** ELEFTERAKIS          GREGORY
(Last, Suffix)                (First)           (Middle)

**ADDRESS** 2498 Gerritsen Avenue
(Office)   (Number & Street)
Brooklyn, New York    11229
(City)              (State)        (Zip)

**FORMER ADDRESS** _____
(Number & Street)

_____
(City)              (State)        (Zip)

### JURISDICTIONS IN WHICH ADMITTED TO PRACTICE:

| JURISDICTION | ADMISSION DATE | ATTORNEY REGISTRATION NUMBER |
|---|---|---|
| 2nd Dept. | 09/18/85 | 2019222 |
|  |  |  |
|  |  |  |

**DATE OF BIRTH**  /9 /16/ 60/
                    mm/dd/yy

**INTERNATIONAL STANDARD LAWYER NUMBER (ISLN)**  N/A

**OTHER NAME(S)** _____

**MOTHER'S BIRTH NAME**  UNKNOWN

**SOCIAL SECURITY #**  UNKNOWN  -   -         **GENDER**  F ___  M  X

**JURISDICTION IMPOSING REGULATORY ACTION** Supreme Court, Appellate Division, Second Judicial Department, 45 Monroe Place, Bklyn, NY  11201

**ORDER DATE**  DEC 29 1997  **EFFECTIVE DATE**  JAN 29 1998
                mm/dd/yy                            mm/dd/yy

**ORDER OR DOCKET NUMBER(S)**  97-00663

_[signature]_
Authorized Reporting Agent Signature Martin H. Brownstein, Clerk of this Court.

· Reporting Agent: Please refer to Instruction Sheet.

**DISBARMENT**
- \_\_\_\_ D105 DISBARMENT
- \_\_\_\_ D110 DISBARMENT ON CONSENT
- \_\_\_\_ D115 PERMANENT DISBARMENT
- \_\_\_\_ D120 RECIPROCAL DISBARMENT

**RESIGNATION**
- \_\_\_\_ D210 CHARGES PENDING
- \_\_\_\_ D215 PERMANENT RESIGNATION
- \_\_\_\_ D250 RECIPROCAL RESIGNATION

**TRANSFER RE INACTIVE STATUS**
- \_\_\_\_ D310 TO INACTIVE STATUS/ NO CHARGES PENDING
- \_\_\_\_ D320 TRANSFER/CHARGES PENDING
- \_\_\_\_ D350 FROM INACTIVE STATUS
- \_\_\_\_ D360 RECIPROCAL TRANSFER

**SUSPENSION**
- \_XX\_ D405 DEFINITE SUSPENSION
- \_\_\_\_ D410 INDEFINITE SUSPENSION
- \_\_\_\_ D415 INTERIM SUSPENSION
- \_\_\_\_ D420 SUSPENSION ON CONSENT
- \_\_\_\_ D435 RECIPROCAL SUSPENSION

|__/__/___|
|__/__/___|
|__/__/___|
|__/__/___|
|__/__/___|
yy/mm/ddd

**PROBATION**
- \_\_\_\_ D525 PROBATION
- \_\_\_\_ D526 RECIPROCAL PROBATION
- \_\_\_\_ D527 EXTENSION OF PROBATION
- \_\_\_\_ D528 PROBATION ON CONSENT
- \_\_\_\_ D529 REVOCATION OF PROBATION

|__/__/___|
|__/__/___|
|__/__/___|
|__/__/___|
yy/mm/ddd

**REPRIMAND/CENSURE**
- \_\_\_\_ D530 PUBLIC REPRIMAND/PUBLIC CENSURE
- \_\_\_\_ D531 RECIPROCAL REPRIMAND/CENSURE
- \_\_\_\_ D532 CONSENT REPRIMAND/CENSURE

**OTHER DISPOSITIONS**
- \_\_\_\_ D505 RESTITUTION    $ \_\_\_\_
- \_\_\_\_ D510 COSTS          $ \_\_\_\_
- \_\_\_\_ D515 FINES          $ \_\_\_\_
- \_\_\_\_ D520 LIMITITATIONS ON PRACTICE

---

- \_\_\_\_ D535 PROFESSIONAL RESPONSIBILITY EXAM
- \_\_\_\_ D536 BAR EXAM
- \_\_\_\_ D540 OTHER CONDITIONS/DISPOSITIONS

---

- \_\_\_\_ D545 PRO BONO                              HRS: \_\_\_\_
- \_\_\_\_ D548 LAW PRACTICE MANAGEMENT PROGRAM
- \_\_\_\_ D550 COMMUNITY SERVICE                     HRS: \_\_\_\_
- \_\_\_\_ D555 CONTINUING LEGAL EDUCATION            HRS: \_\_\_\_
- \_\_\_\_ D558 ETHICS SCHOOL
- \_\_\_\_ D561 FEE ARBITRATION
- \_\_\_\_ D562 MONITOR TRUST ACCOUNTS
- \_\_\_\_ D565 REHABILITATION PROGRAM
- \_\_\_\_ D570 ALCOHOL/SUBSTANCE ABUSE
- \_\_\_\_ D573 LAWYERS ASSISTANCE PROGRAM
- \_\_\_\_ D575 CONTEMPT
- \_\_\_\_ D580 ORDER STAYED
- \_\_\_\_ D585 ORDER VACATED
- \_\_\_\_ D590 ORDER MODIFIED

**REINSTATEMENT/READMISSION**
- \_\_\_\_ D605 REINSTATE/READMIT BY COURT ORDER
- \_\_\_\_ D610 AUTOMATIC REINSTATEMENT
- \_\_\_\_ D700 RESPONDENT DECEASED

*REVISED 06/96*

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT

0201D
Y/jv

_____ AD2d _____

GUY JAMES MANGANO, P.J.
ALBERT M. ROSENBLATT
SONDRA MILLER
CORNELIUS J. O'BRIEN
DAVID S. RITTER, JJ.

MISC. 98 041

SIFTON, CH. J.

97-00663

In the Matter of Gregory Elefterakis,
an attorney and counselor-at-law.

OPINION & ORDER.

Grievance Committee for the Second
and Eleventh Judicial Districts,
petitioner;
Gregory Elefterakis, respondent.

DISCIPLINARY proceeding instituted by the Grievance Committee for the Second and Eleventh Judicial Districts. The respondent was admitted to the Bar on September 18, 1985, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. By order of this court dated March 19, 1997, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Moses M. Weinstein, as Special Referee to hear and report.

   Robert H. Straus, Brooklyn, N.Y. (Diana J. Szochet of counsel), for petitioner.

   LaRossa, Mitchell & Ross, New York, N.Y. (Michael S. Ross of counsel), for respondent.

PER CURIAM.   The petition, dated April 16, 1997, contains 11 charges of professional misconduct against the respondent. After hearings on June 4 and June 24, 1997, the Special Referee sustained all 11 charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report and to limit his sanction to a public censure.

December 29, 1997

MATTER OF ELEFTERAKIS, GREGORY

Page 1.

Charge One alleged that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102(B) (22 NYCRR 1200.46[b]).

The respondent disbursed funds to clients and to himself prior to depositing the proceeds of the clients' cases into his attorney escrow account.

As a result of such disbursements, the funds of other clients, which were required to be maintained intact, were improperly depleted.

Charge Two alleged that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102(B) (22 NYCRR 1200.46[b]).

The respondent maintained a separate Citibank account for the purpose of paying expenses associated with his practice of law. Between July 1994 and September 1995, the respondent deposited into that account client funds which had been entrusted to him as a fiduciary.

Charge Three alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102(A) (22 NYCRR 1200.46[a]).

In addition to the funds entrusted to him as fiduciary and while those funds were on deposit, the respondent improperly deposited personal funds into his attorney escrow account.

Charge Four alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102(A) (22 NYCRR 1200.46[a]).

The respondent failed to withdraw his fees or disbursements or both from his attorney escrow account after they had been earned.

Charge Five alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102(A) (22 NYCRR 1200.46[a]).

Between July 1994 and September 1995, the respondent deposited client funds which had been entrusted to him, incident to his practice of law, into the non-escrow account which he maintained for the sole purpose of paying expenses associated with his practice of law.

Charge Six alleged that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102(D) (22 NYCRR 1200.46[d]).

Between January 1994 and January 1996, while the respondent was maintaining an attorney escrow account, he failed to maintain a ledger book or similar record detailing all deposits and withdrawals pertaining to that account.

December 29, 1997                                                                                         Page 2.
                      MATTER OF ELEFTERAKIS, GREGORY

Charge Seven alleged that the respondent has engaged in a pattern and practice of failing to properly maintain in his attorney escrow account funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102(B) (22 NYCRR 1200.46[b]).

Between January 1994 and January 1996, the balances on deposit in the respondent's escrow account, into which he deposited and was required to maintain funds entrusted to him as fiduciary, incident to his practice of law, were depleted on numerous occasions.

Charge Eight alleged that the respondent improperly issued checks payable to "cash" from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102(E) (22 NYCRR 1200.46[e]).

On December 29, 1995, the respondent issued check number 1973 from his attorney escrow account payable to cash. On January 9, 1996, the respondent issued check number 1974 from his attorney escrow account payable to cash.

Charge Nine alleged that the respondent engaged in a pattern of failing to file retainer and closing statements with the Office of Court Administration (hereinafter the OCA) in a timely manner, in violation of 22 NYCRR 691.20(a) and (b).

Between January 1994 and January 1996, the respondent was retained to prosecute several actions for personal injury and property damage. He failed to file retainer and closing statements with the OCA with respect to those matters.

Charge 10 alleged that the respondent engaged in a pattern of improperly disbursing settlement proceeds to himself, in violation of 22 NYCRR 691.20(d).

Between January 1994 and January 1996, the respondent represented several clients in personal injury actions. When the cases were concluded, the respondent issued checks drawn on his attorney escrow account, which were payable to himself and which, represented legal fees, before disbursing to the clients the proceeds to which they were entitled.

Charge 11 alleged that the respondent filed a false affirmation with the OCA, in violation of Code of Professional Responsibility DR 1-102(A)(4) (22 NYCRR 1200.3[a][4]).

As an attorney, the respondent was required to register with the OCA on a biennial basis, pursuant to Judiciary Law § 468-a. At the time of registration, the respondent was required to sign a statement affirming that he had read Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) of the Lawyers' Code of Professional Responsibility and that he was in compliance therewith. The respondent signed and filed such an affirmation with OCA on or about June 8, 1994. In fact, the respondent was not familiar with that rule and his escrow records were not in compliance.

December 29, 1997                                                                                                      Page 3.
MATTER OF ELEFTERAKIS, GREGORY

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all 11 charges, and therefore the motion and so much of the cross motion which was to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating evidence offered by the respondent, including his efforts to overcome his alcoholism, the absence of any evidence of venality on his part, and the reforms undertaken with respect to his law office practice, including the placement of an attorney in exclusive charge of his escrow account. We note that the Grievance Committee issued the respondent an Admonition on December 17, 1992, for failing to timely commence a lawsuit within the Statute of Limitations period and for failing to timely communicate to his clients that he would not pursue their civil case.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P.J., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted only to the extent that the report of the Special Referee is confirmed; and it is further,

ORDERED that the respondent's cross motion is otherwise denied; and it is further,

ORDERED that the respondent, Gregory Elefterakis, is suspended from the practice of law for a period of three years, commencing January 29, 1998, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Gregory Elefterakis, shall desist and refrain (l) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT

I, MARTIN H. BROWNSTEIN, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on _____ and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on _____
DEC 29 1997

December 29, 1997

ENTER:

MARTIN H. BROWNSTEIN
Martin H. Brownstein
Clerk

MATTER OF ELEFTERAKIS, GREGORY

Page 4.

clm

1998 JUN 16 A 10: 38

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
-------------------------------------X

In the Matter of Gregory Elefterakis, Esq.,    MC-98-41 (CPS)
an Attorney and Counselor-at-Law.

                                    Respondent.          ORDER

-------------------------------------X

       An order having been issued by this court directing respondent to appear at a hearing and show cause why he should not be disciplined by this Court, and the Court having received the respondent's consent to reciprocal discipline, it is hereby

       ORDERED pursuant to Local General Rule 1.5 of the Eastern District of New York that respondent be and hereby is suspended from the practice of law before this Court for three years, commencing January 29, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said three year period.

       The Clerk is directed to close the case and to mail a copy of the within to all parties.

       SO ORDERED.

Dated :    Brooklyn, New York
            June 10, 1998

                                                           Charles P. Sifton, Chief Judge
                                                           and Chairman of the Committee on
                                                            Grievances

LAW OFFICES
## LaRossa, Mitchell & Ross
41 MADISON AVENUE
THIRTY FOURTH FLOOR
NEW YORK, N.Y. 10010

JAMES M. LAROSSA
JOHN W. MITCHELL
MICHAEL S. ROSS

EVAN GLASSMAN
GABRIEL MENDELBERG

TELEPHONE
(212) 696-9700

FACSIMILE
(212) 686-3013

MAY 27 1998

F'98 JUN 18 A 9:10
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

May 20, 1998

Honorable Charles P. Sifton
Chief Judge
   and Chairman of the
Committee on Grievances
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

           Re:  In the Matter of Gregory Elefterakis,
                an Attorney And Counselor-at-Law;
                MC-98-41 (CPS)

Dear Judge Sifton:

   I represent Gregory Elefterakis, an attorney and counselor-at-law, who was recently suspended from the practice of law by the Appellate Division, Second Department, for a period of three years. Mr. Elefterakis provided me with Your Honor's order to show cause directing him to demonstrate why he should not be disciplined by this Court pursuant to Local Rules 1.5(c) and (d). (See copy attached)

   On behalf of Mr. Elefterakis, I wish to advise you that Mr. Elefterakis has no objection to an order suspending him from the practice of law before the United States District Court for the Eastern District of New York, for a period to run concurrent with his suspension from practice by the Appellate Division, Second Department.

                                    Respectfully submitted,

                                    Michael S. Ross



LaRossa, Mitchell & Ross

Hon. Charles P. Sifton
May 20, 1998
Page 2


Encl.

cc:  Clerk of the Court

     Gregory Elefterakis

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of Gregory Elefterakis,
an Attorney and Counselor-at-Law.

                      Respondent.

------------------------------------------------------------X

MC-98-41 (CPS)

ORDER

       It having come to the attention of the Court that respondent has been disciplined by the Appellate Division of the Supreme Court of the State of New York, the respondent is directed pursuant to Rule 1.5(b)(2) of the General Rules of the Court to show cause before the undersigned in Courtroom No. 2, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at 4:30 p.m., on June 10, 1998 why respondent should not be disciplined by this Court in accordance with the provisions of Rules 1.5(c) and 1.5(d) of such Rules; and it is further

       ORDERED that the Clerk of the Court shall serve a copy of the within order upon respondent by first class mail, and it is further

       ORDERED that respondent shall serve and file responsive papers, if any, no later than 10 days prior to the return date of the order.

       SO ORDERED.

Dated :  Brooklyn, New York
         April 22, 1998

                                            Charles P. Sifton, Chief Judge
                                            and Chairman of the Committee on
                                            Grievances, E.D.N.Y.